UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. GRACE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-164-ACL |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. Plaintiff, a prisoner, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Under 28 U.S.C. ' 1915(g), therefore, the Court may not grant the motion unless plaintiff "is under imminent danger of serious physical injury."

After reviewing the complaint, the Court finds no allegations that would show that plaintiff is in imminent danger of serious physical injury. Although the plaintiff states in conclusory fashion that his life is put in imminent danger, all of the allegations of the complaint pertain to an incident involving use of force in the past. "[T]he [imminent danger of serious physical injury] exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Abdul-Akbar v. McKelvie, 239

---

[1] Grace v. Stubblefield, 4:07-CV-1630 ERW (E.D. Mo.); Grace v. Owens, 4:08-CV-89 CDP (E.D. Mo.); Grace v. Chastain, 4:08-CV-598 FRB (E.D. Mo.); Grace v. Allen, 4:08-CV-619 CAS (E.D. Mo.); and Grace v. Jones, 4:08-CV-620 FRB (E.D. Mo.).

F.3d 307, 315 (8th Cir. 2001); cf. Coleman v. Crawford, 571 Fed. Appx. 502 (8th Cir. 2014) (applying exception where an inmate alleged that he was threatened with bodily harm by prison officials, forced to sign "enemy" waivers, and assaulted multiple times by other inmates); McAlphin v. Toney, 281 F.3d 709, 710–11 (8th Cir. 2002) (applying exception where an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (applying exception where an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings).

As a result, the Court will deny the motion and will dismiss this action without prejudice to refiling as a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED**.

An Order of Dismissal will be filed separately.

Dated this 24th day of November, 2014.

 _____
 CAROL E. JACKSON
 UNITED STATES DISTRICT JUDGE